## TRAVEL CENTER OF FAIRFIELD COUNTY, INC., Plaintiff–Appellant,

### v.

## ROYAL CRUISE LINE, LTD., Norwegian Cruise Line, Ltd., and NCL Holding AS, Defendants–Appellees,

Seabourn Cruise Line, Ltd., and Cunard Line, Ltd., Successor–In–Interest to Seabourn, Defendants.

Docket No. 01–7820.

United States Court of Appeals, Second Circuit.

Aug. 29, 2002.

Phillip M. French, Stamford, CT, For Plaintiff–Appellant.

Paul D. Williams, Michael A. Bucci, Day, Berry & Howard LLP, Hartford, CT, For Defendants–Appellees.

PRESENT: LEVAL, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

The core of this dispute turns on whether Plaintiff–Appellant Travel Center of Fairfield County ("Expo") entered into a charter contract with Defendant–Appellee Royal Cruise Line ("RCL") in August of 1995 ("the August Agreement"), or whether (either because no August agreement was reached or because such an agreement was made but was subsequently modified) the parties were bound by terms established at a November 1995 meeting ("the November Agreement"). Claiming that RCL did not live up to its obligations under the November agreement, Expo sued RCL and its parents, Norwegian Cruise Line ("NCL") and NCL Holding AS ("NCL Holding"), as well as Seabourn, another cruise line, for (1) breach of contract (i.e., the November Agreement) by RCL and Seabourn; (2) tortious interference with contractual relationships by Seabourn; (3) unjust enrichment by RCL and Seabourn; and (4) violation by RCL and Seabourn of the Connecticut Unfair Trade Practice Act ("CUTPA"), CONN. GEN. STAT. ANN. §§ 42–110a to 110q (West 2000).

Pursuant to Fed.R.Civ.P. 12(b)(2), the district court (Arterton, *J.*) granted Defendants NCL and NCL Holding's motion to dismiss for lack of personal jurisdiction.[1] The suit against RCL was then tried to a jury, which returned a verdict in favor of the defendant. At the appropriate times, Expo sought and was denied judgment as a matter of law and a new trial.

On appeal, Expo challenges a) the dismissal of NCL and NCL Holding, b) the

---

1. The court also granted Seabourn's motion to dismiss, but reversed that ruling on a motion for rehearing based on new information. Seabourn subsequently settled with Expo.

failure of the district court to grant it a new trial or judgment as a matter of law, c) various evidentiary rulings and, principally, d) the instructions given by the court to the jury.

We affirm the dismissals of NCL and LCN Holding for substantially the reasons given by the district court both in its original decision and in its denial, after trial, of Expo's motion to withdraw the dismissals. We also find that the evidentiary rulings were well within the trial court's customary discretion. *See United States v. Dhinsa,* 243 F.3d 635, 649 (2d Cir.2001); *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 54 (2d Cir.2000). And we conclude, for the reasons it gave, that the district court did not err in refusing a directed verdict or a new trial. Finally, in the circumstances of this case, we do not believe that the instructions given to the jury warrant a vacatur of its verdict.

On appeal, Expo argues forcefully that the district court erred in presenting the jury with an alternative: either the contract was entered into in August, or it was not made until November. The court, Expo maintains, should have instead permitted the jury to find that even if an August contract had been consummated, it was modified, by consent of the parties, in November.

On the face of it, there would be no inconsistency in Expo's claiming that either no contract existed until November or, if one was formed as early as August, it was modified in November. The problem is that Expo neither made this argument in the alternative in its presentation below, nor adequately requested it as a charge to the jury. Instead, Expo chose to live or die on the position that no contract came into being until November. The jury having rejected that interpretation of the facts, it is too late for Expo now to propose another reading on the basis of which it might have won.

We have examined all of Expo's other claims, and in particular its arguments concerning the breach of the implied covenant of good faith and fair dealing and the Connecticut Unfair Trade Practice Act, and find them meritless. We therefore AFFIRM the judgment of the district court.